Filed 9/9/25   P. v. Carson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H052282 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. 24CR001023) |
| v. | |
| ANDREW JESUS CARSON, | |
| Defendant and Appellant. | |

Andrew Jesus Carson was convicted of attempted criminal threats, dissuading a witness, and violating a protective order.  The trial court suspended imposition of sentence and placed Carson on probation.

Carson appealed, and we appointed counsel to represent him.  Counsel filed an opening brief stating the case and the facts, but raising no issues.  We advised Carson of his right to file written argument on his own behalf, but received no response.

We have reviewed the full appellate record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude that there is no arguable issue for appeal and affirm the judgment.

# I. BACKGROUND

At the time of the incident at issue, Carson had maintained a 14-year relationship with Jane Doe, and together they had three young children. Previously, in August 2013, Carson was convicted of inflicting corporal injury on Doe.

## A. The Offenses

On June 18, 2023, Doe reported to police that Carson had pushed her, attempted to punch her, and accidentally hit one of their children instead, bloodying the child's nose. Doe later reported that Carson was repeatedly calling and threatening to kill her.

With Doe's consent, police obtained an emergency protective order, arrested Carson, and informed him that he was barred from contacting Doe, including from jail. Nevertheless, Carson twice called Doe from jail through an intermediary and asked Doe to help him get the charges dropped.

## B. The Charges

The first amended information against Carson contained seven charges: (1) criminal threats (Pen. Code, § 422, subd. (a)); (2) corporal injury to a cohabitant (*id.*, § 273.5, subd. (a)); (3) corporal injury to a child (*id.*, § 273d, subd. (a)); (4) dissuading a witness from prosecuting a crime (*id.*, § 136.1, subd. (b)(2)); (5) two counts of misdemeanor child endangerment (*id.*, § 273a, subd. (b)); and (6) misdemeanor violation of a protective order (*id.*, § 273.6, subd. (a)). There were no enhancement allegations.

## C. The Trial

Carson's prosecution moved quickly. He filed no pretrial motions, and trial began in April 2024, only two months after the complaint was filed. The trial lasted three days, with one day of testimony from Doe as well as a bystander, two officers, and a domestic violence expert.

In her testimony, Doe recanted her reports to the police that Carson assaulted and threatened to kill her. She testified that she made up the threats to create "a sense of urgency to go arrest him" and that in fact she had not been afraid for her safety.

2

According to Doe, on Father's Day, after Carson purchased a 12-pack of beer for himself, Doe took the children and the family dog to the beach and then to a hotel for the night to avoid Carson's "obnoxious" behavior and to "allow him his space." Doe texted their location to Carson. Two or three hours later, he arrived at the hotel room, yelling, "It's not fair that I can't see my kids on Father's Day." After a few minutes, Doe let him into the room, but they began to argue. After Doe threatened to call the police, Carson knocked Doe's phone out of her hand; she bit him on the shoulder; and he stumbled into the bathroom door, which collided with their daughter and gave her a bloody nose.

After Carson left, Doe called the police. A woman in an adjoining hotel room also called the police because she heard "yelling and screaming," "children crying," and a sound "like something or someone hit the wall." Doe told the police that Carson had assaulted her and accidentally punched their daughter, and she later said that Carson called and threatened to kill her. The prosecutor also presented Carson's calls from jail to Doe asking her for help in getting the charges dropped.

The jury acquitted Carson of four of the seven charges against him, finding him not guilty of corporal injury to a cohabitant, corporal injury to a child, and both counts of child endangerment. The jury also found Carson not guilty of criminal threats, but convicted him of the lesser included offense of attempted criminal threats. Finally, the jury convicted Carson of dissuading a witness and violating a protective order.

## D. The Sentence

After trial, the trial court granted Carson's motion to reduce his conviction for attempted criminal threats from a felony to a misdemeanor. The court then suspended imposition of sentence and placed Carson on three years of felony probation pursuant to Penal Code section 1203.097 because the victim was a cohabitant. As a condition of probation, the court ordered Carson to serve 180 days in county jail, with credit for 30 days of custody and 30 days of good time.

The trial court imposed fines, fees, and assessments: $210 in court assessment fees, a $500 domestic violence fee, $300 to a women's shelter program, and a $750 fine to the State Restitution Fund. The court also imposed but suspended another $750 restitution fine. Carson's ability to pay the fines imposed was not disputed.

Carson filed a timely notice of appeal.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106. We find no arguable issue on appeal and therefore conclude that appellate counsel has complied fully with her responsibilities. (*Wende*, at p. 441.)

## III. DISPOSITION

The judgment is affirmed.

_____
BROMBERG, J.

WE CONCUR:

_____
DANNER, ACTING P. J.

_____
WILSON, J.

*People v. Carson*
H052282